IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| WENDY S. KILBURN, | : | BANKRUPTCY NO.: 5-13-bk-05370-JJT |
| DEBTOR | : | |
| LAKE SUNAPEE BANK, FSB, | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Bankr.P. 7012(b)(Doc. #6)} |
| PLAINTIFF | : | |
| vs. | : | |
| WENDY S. KILBURN, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-14-ap-00036-JJT** |

# OPINION

The Debtor-Defendant, Wendy S. Kilburn, has filed a Motion to Dismiss the Complaint of Plaintiff, Lake Sunapee Bank, FSB, with regard to a Complaint objecting to the dischargeability of a debt under 11 U.S.C. § 523(a)(6). That section excludes from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." The Complaint alleges that the Debtor damaged or removed collateral of the Plaintiff. The Complaint states little more than that and the issue before me is whether such bare bones allegations survive a Rule 12 Motion to Dismiss.

Federal Rule of Bankruptcy Procedure 7008, which incorporates Federal Rule of Civil Procedure 8, provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." There must be stated sufficient allegations of fact to conclude that the claim is "plausible" on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129

S.Ct. 1937 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 at 570, 127 S.Ct. 1955 (2007)).

A review of the Complaint and its attachments reveal that the allegation is the Debtor damaged or removed the Plaintiff's collateral, but neither the Complaint or the attachments articulate what the nature of that injury is. Moreover, the attachments to the Complaint suggest that the damage to the collateral was caused by one, Stephen Kilburn, a non-debtor. (Doc. #1 Exhibit A ¶ 9). Undoubtedly, the burden of establishing the elements of this claim is on the Plaintiff, and that burden must be by the preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 659 (1991).

Plainly, sufficient facts to survive the Motion to Dismiss have not been so alleged. Therefore, the Motion to Dismiss is granted with leave granted to the Plaintiff to file an Amended Complaint identifying what items the Debtor is alleged to have damaged and/or removed, when this is alleged to have occurred, and otherwise correcting this deficiency in the Complaint within twenty-one (21) days.

My Order will follow.

By the Court,

Date: September 5, 2014

John J. Thomas, Bankruptcy Judge

(CMS)