IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| WENDY S. KILBURN, | : | BANKRUPTCY NO.: 5-13-bk-05370-JJT |
| DEBTOR | : | |
| LAKE SUNAPEE BANK, FSB, | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss Amended Complaint and Motion for Judgment on the Pleadings (Doc. #19)} |
| PLAINTIFF | : | |
| vs. | : | |
| WENDY S. KILBURN, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-14-ap-00036-JJT** |

# **OPINION**[1]

The initial adversary action filed against the Debtor/Defendant, Wendy S. Kilburn, requested a finding by the Court that a certain debt be rendered non-dischargeable as an exception to the discharge provisions of the Code pursuant to 11 U.S.C. § 523(a)(6). That Complaint was met by a Motion to Dismiss filed by the Defendant. Based upon the pleadings, the Court granted Defendant's Motion to Dismiss the Complaint. The Court's decision was based on the fact that the Complaint and the attachments alleged damage or removal of Plaintiff's collateral, but neither the Complaint nor its attachments articulated the exact nature of the alleged injury. Moreover, both the attachments and the Complaint suggested that the damage was caused by a non-debtor, Stephen Kilburn, with no reference to damage caused, if any, by the Defendant. By Order dated September 5, 2014, the Court granted the Motion to Dismiss but further granted Plaintiff leave to file an Amended Complaint identifying the items Defendant was alleged to have damaged and/or removed and when the alleged damage occurred. The Court gave the Plaintiff an opportunity to correct the above-mentioned deficiencies in the Complaint.

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

An Amended Complaint was filed by the Plaintiff which again was met by a Motion to Dismiss and for Judgment on the Pleadings by the Defendant.

Central to resolution of the instant Motion to Dismiss is the impact of an earlier Judgment Order of the Superior Court of the State of Vermont in a civil action titled Lake Sunapee Bank, FSB v. K5 Properties, LLC, Stephen Kilburn, Wendy S. Kilburn, and Glare Ice Sports, Inc., Docket No. S0789-11 CnC (See Amended Complaint at Exhibit C, Doc. #15). Plaintiff requests that the Judgment Order and the amount therein be determined non-dischargeable under 11 U.S.C. § 523(a)(6). Defendant counters that the underlying Vermont State Court action and the aforementioned Judgment Order simply do not meet the statutory requirements of 11 U.S.C. § 523(a)(6) to render the underlying debt reflected by the Judgment Order non-dischargeable in this bankruptcy. Ultimately, Defendant's position may be correct but that determination is not ripe at the current posture of this case. In other words, the Court is not in a position, prior to the filing of an answer, to determine whether the dictates of collateral estoppel standards have been met in order for it to make a determination that the Vermont State Court Judgment Order is sufficient to render the underlying debt non-dischargeable. Our Circuit Court of Appeals has held that a decision as to the applicability of collateral estoppel can only be made after a careful review of the record of the entire Vermont State Court action and following a hearing at which time the parties will have an opportunity to offer evidence in order for the Court to make appropriate findings of fact and conclusions of law. *Matter of Ross*, 602 F.2d 604, 608 (3d Cir. 1979). Rather, what the Court is focusing on here is whether the underlying Complaint survives the Rule 12(b)(6) Motion.

In considering a motion to dismiss, the Rule is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 at 1969 (2007).

[K:\Cathy\Opinions-Orders filed 2015\5-14-ap-00036-JJT_Kilburn.pdf]                2

Case 5:14-ap-00036-JJT    Doc 23    Filed 04/08/15    Entered 04/08/15 15:35:25    Desc
                         Main Document      Page 2 of 3

"Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S.Ct. at 1965.

In this regard, the Court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d at 233 *citing Twombly*, 127 S.Ct. at 1969 n.8 and *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

I have reviewed the Amended Complaint and have determined that the allegations have cured the deficiencies which were presented by the original Complaint. With this finding, I have determined to deny the Motion to Dismiss, and Defendant is directed to file an Answer to the Amended Complaint within twenty-one (21) days from the date of this Order.

Addressing the request for judgment on the pleadings, it is apparent from the docket that the adversary has not been answered by the Defendant, and therefore, the pleadings are not closed rendering any consideration for judgment on the pleadings premature at this point and that request is denied.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: April 8, 2015

[K:\Cathy\Opinions-Orders filed 2015\5-14-ap-00036-JJT_Kilburn.pdf]    3

Case 5:14-ap-00036-JJT    Doc 23    Filed 04/08/15    Entered 04/08/15 15:35:25    Desc
Main Document    Page 3 of 3